# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

In the Matter of Elizabeth Anne Perkins, Respondent.

Appellate Case No. 2022-001257

---

Opinion No. 28119
Submitted September 23, 2022 – Filed October 12, 2022

---

### DEFINITE SUSPENSION

---

Disciplinary Counsel John S. Nichols and Assistant
Disciplinary Counsel Jamie E. Wilson, both of Columbia,
for the Office of Disciplinary Counsel.

George M. Pappas, Jr., of Rikard & Protopapas, LLC, of
Columbia, for Respondent.

---

**PER CURIAM:**   In this attorney disciplinary matter, Respondent and the Office
of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by
Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary
Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court
Rules (SCACR).  In the Agreement, Respondent admits misconduct, consents to
any sanction ranging from a confidential admonition to a definite suspension of six
months, and agrees to two years of alcohol monitoring as a condition of
reinstatement.  We accept the Agreement and suspend Respondent from the
practice of law in this state for a period of six months.  The facts, as set forth in the
Agreement, are as follows.

### I.

On January 14, 2022, after engaging in a verbal dispute with her fiancé,
Respondent went to her vehicle and retrieved a number of personal items,
including her firearm.  Respondent then attempted to remove herself from the
dispute with her fiancé by locking herself in the bedroom.  Respondent's fiancé

broke into the bedroom, at which time he and Respondent engaged in a physical altercation. Respondent was in actual possession of the firearm during the altercation. As Respondent's fiancé attempted to disarm her, the firearm accidentally discharged. As a result of the altercation, Respondent sustained bruising to her arms, and Respondent's fiancé sustained a significant bite mark on his neck.

On the night of the incident, law enforcement observed Respondent smelling of alcohol and using slurred speech. Respondent was charged with one misdemeanor count of third-degree domestic violence. Respondent self-reported this charge to ODC on January 28, 2022. On March 10, 2022, this Court placed Respondent on interim suspension. *In re Perkins*, S.C. Sup. Ct. Order dated Mar. 10, 2022 (Howard Adv. Sh. No. 11 at 15).

Following the incident, Respondent contacted Lawyers Helping Lawyers (LHL) for assistance and subsequently entered into a one-year monitoring contract. Additionally, Respondent admitted herself into an intensive outpatient program with Prisma Health Behavioral Care Day Treatment. Respondent successfully completed the outpatient program and was discharged on April 20, 2022.

On April 6, 2022, the Fifth Judicial Circuit Solicitor's Office exercised prosecutorial discretion and dismissed the charge against Respondent. On May 17, 2022, the charge against Respondent was expunged from her public record.

## II.

Respondent admits her conduct violated Rule 8.4(b), RPC, Rule 407, SCACR (prohibiting a criminal act that reflects adversely on the lawyer's fitness as a lawyer). Respondent further admits her conduct is a ground for discipline under the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (providing a violation of the Rules of Professional conduct is a ground for discipline); and Rule 7(a)(5) (providing conduct demonstrating an unfitness to practice law is a ground for discipline).[1]

---

[1] Respondent's disciplinary history includes a six-month definite suspension as a result of her failure to comply with the conditions of her admission to practice law. *In re Perkins*, S.C. Sup. Ct. Order dated Mar. 28, 2019; *see also In re Perkins,* 428 S.C. 543, 836 S.E.2d 693 (2019) (reinstating her to the practice of law and requiring continued compliance with an LHL monitoring contract).

In the Agreement, Respondent agrees to the following conditions of reinstatement: (1) compliance with a two-year monitoring with LHL; and (2) quarterly reporting to the Commission on Lawyer Conduct by Respondent's treating physician regarding her diagnosis, treatment compliance, and prognosis, for a period of two years.

## III.

We accept the Agreement and suspend Respondent from the practice of law for a period of six months, retroactive to the date of her interim suspension. Should Respondent be reinstated to the practice of law, she shall be required to enter into a two-year monitoring agreement with LHL, the terms of which shall include random drug and alcohol screening and regular attendance at Alcoholics Anonymous meetings. She shall also be required to provide quarterly reports from her treating provider regarding her diagnosis, treatment compliance, and prognosis for a period of two years.

**DEFINITE SUSPENSION.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**